UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CASE NO.:

| | |
|---|---|
| **MARLYATOU DIALLO,** on behalf of herself and all others similarly situated individuals<br><br>**Plaintiff,**<br>v.<br><br>**IMMEDIATE CREDIT RECOVERY, INC.,**<br>**Defendant.** | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, by and through her attorney, Abel L. Pierre, Esq., as and for her complaint against the Defendant IMMEDIATE CREDIT RECOVERY, INC., (hereinafter "Immediate" or "Defendant"), alleges as follows:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. Plaintiff brings this action on all causes of action on behalf of herself and the members of a class pursuant to Federal Rule of Civil Procedure 23.

## II. VENUE & JURISDICTION

3. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k ("FDCPA") and 28 U.S.C. § 1331.

   Supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c)(1).

## III. ALLEGATIONS AS TO PARTIES

5. Plaintiff, Marlyatou Diallo, ("Diallo") is a natural person residing in Kings County, New York.

6. Ms. Diallo is a "consumer" as said term is defined under the FDCPA, 15 U.S.C. § 1692a(3).

7. The Plaintiff is a reasonable consumer within the meaning of NYGBL §349 who acted reasonably under the circumstances alleged herein.

8. Upon information and belief Defendant Immediate Credit Recovery, Inc. and is a domestic business corporation that did transact, and does now presently transact business in the State of New York.

9. Defendant Immediate is authorized to conduct business in the State of New York through its principal executive offices located at 169 Myers Corners Road, Suite 110, Wappingers Falls, New York 12590.

10. Upon information and belief, Defendant Immediate regularly attempts to collect consumer debts alleged to be due to another.

11. Upon information and belief Defendant Immediate is a debt collector as defined pursuant to FDCPA 15 U.S.C. § 1692a(6).

12. The Defendant uses the mail to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

13. The principal purpose of Defendant is the collection of defaulted consumer debts owed or due or alleged to be owed or due to others.

14. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from Plaintiff.

15. Defendant is subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## IV. FACTUAL ALLEGATIONS

16. Plaintiff adopts and realleges the foregoing as fully restated herein.

17. Prior to the commencement of this action, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18. Prior to the commencement of this action, the Plaintiff was granted multiple Pell Grants from the New York City College of Technology to attend the institution.

19. Subsequently the education institution deemed that the Plaintiff was not eligible for said grants and withdrew them.

20. Consequently, the Plaintiff agreed to repay a total of $6,024.15 to the institution.

21. Sometime thereafter, on a date unknown to the Plaintiff, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

22. Consequently, Defendant began its collection efforts to collect said debt from Plaintiff.

23. Subsequently, Defendant sent or caused to be sent to Plaintiff a series of collection letters, seeking to collect on behalf of New York City College of Technology, the student loan debt.

24. All three letters sent or caused to be sent to the Plaintiff by the Defendant were dated October 21, 2017.

25. In the caption of the first letter Defendant stated that the amount due was $1,675.45.

26. In the caption of the second letter Defendant stated that the amount due was $2,513.47.

27. In the caption of the third letter Defendant stated that the amount due was $2,947.57.

28. On or about November 22, 2017 Defendant sent or caused to be sent to the Plaintiff, a collection letter seeking to collect on behalf of New York City College of Technology, the student loan debt. Within this letter, Defendant claimed it was entitled to receive the total sum of $7,136.44 from the Plaintiff.

29. Upon information and belief, Defendant took it upon itself to break down the balance owed for the different semesters into separate collection letters, thus the total balance Defendant claims is owed and due adds up to over $1,100.00 more than what the actual balance the school claim is owed.

30. The Defendant did not disclose that its collection fees were included in the balance of the debt.

31. There is no agreement in writing that authorized collection fees in connection to this alleged debt.

32. The Plaintiff did not know that the amount of $7,136.44 included collection fees.

33. Defendant's collection letters to the Plaintiff negligently miscalculated the balance of the debt owed without regards to the actual balance owed.

34. Defendant's collection letters to the Plaintiff intentionally miscalculated the balance owed and intentionally miscalculated the balance for the purpose of unlawfully increasing the amount of recovery.

35. Upon information and belief, Defendant unilaterally and unlawfully added collection fees to the balance owed. Collection fees are not recoverable under the FDCPA. Although the

New York City College of Technology's fee schedule allows for court fees and attorneys' fees to be recoverable, the debt did not mature to the level in which Defendant charged Plaintiff an amount in excess of $1,100.00.

36. Additionally, even though the New York City College of Technology's fee schedule states that costs are recoverable, it cannot claim that it accrued a cost of over $1,100.00 to send out <u>ONE</u> collection letter.

37. The October 21, 2017 letters could conceivably mislead the least sophisticated consumer, as nowhere does the Defendant explain that it is seeking to collect collection fees.

38. The least sophisticated consumer could reasonably wonder why his or her bill had now reached the amount of $7,136.44.

39. In light of the facts articulated herein, Defendant utilized false and deceptive means to coerce Plaintiff into the paying debt.

40. In light of the facts articulated herein, Defendant utilized false and deceptive means in an attempt to oppress and harass Plaintiff into paying the debt.

41. In light of the facts articulated herein, Defendant attempted to collect a debt by intentionally miscalculated the balance for the purpose of unlawfully increasing the amount of recovery.

42. In light of the facts articulated herein, Defendant attempted to collect a debt by misrepresenting the amount of the alleged debt.

43. In light of the facts articulated herein, Defendant attempted to collect a debt communicating false representations or utilizing deceptive means.

44. In light of the facts articulated herein, Defendant engaged in collection activity, the purpose of which was to harass the Plaintiff.

45. Defendant's activity on these occasions were a communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(2), 1692e(10), 1692f and 1692f(1), amongst others.

46. Plaintiff commenced this action within one year of the unlawful actions and/or within one year of reasonably knowing of the unlawful actions of Defendant.

## V. PRACTICES OF DEFENDANT

47. It is or was the policy and practice of Defendant to collect or attempt to collect debts by sending collection letters which reasonably and calculatedly confuse and frustrate consumers with respect to failing to disclose that its collection costs had been included in the amount Defendant demanded that consumers pay.

48. Said practices and policies of Defendant are deceptive representations, which contradicts consumers' rights.

49. That the Defendant intentionally and knowingly and/or carelessly and recklessly causes these false, misleading and threatening letters on a mass scale by computer generated system for the sole purpose of harassing consumers and coercing payment and collecting debts which it knows or should know that the consumers do not owe.

50. Defendant's conduct violates 15 U.S.C. § 1692 et seq., including but not limited to subsections (d), (e) and (f) in the representations made by the Defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his/her legal rights as required by law.

51. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## VI. ALLEGATIONS OF LAW

52. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following: d, e, and f.

    i. Defendant violated 15 U.S.C. § 1692d by harassing, oppressing and/or abusing the consumer by employing unfair tactics in attempt to collect a debt;

    ii. Defendant violated 15 U.S.C. § 1692e by utilizing false, deceptive and misleading representation to collect a debt;

    iii. Defendant violated 15 U.S.C. § 1692e(2) by making false and misleading representations in connection to the amount of an alleged debt;

    iv. Defendant violated 15 U.S.C. § 1692e(10) by utilizing false representations or deceptive means to collect an alleged debt;

    v. Defendant violated 15 U.S.C. § 1692f by utilizing unfair and unconscionable means to attempt to collect an alleged debt;

    vi. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by the agreement creating the debt or by law;

53. To the extent that the Defendant attempted to collect a debt from Plaintiff even though Defendant knew or should have known that Plaintiff did not owe the underlying debt and such actions also violated New York State Statutes prohibiting Deceptive Acts and Practices. *See* New York State Code Article 22-A. § 349.

## VII. CLASS ALLEGATIONS

54. The causes of action are brought on behalf of Plaintiff and the members of a class.

55. The class consists of all persons within the United States whom Defendant's records reflect were sent debt collection letters within the State of New York within the period of time commencing five years before the filing of this complaint up to and including the date of the filing of the complaint and who were sent collection letters that (a) in substantially the same form as the letters Defendant sent to Plaintiff; (b) the collection letters were sent to a consumer seeking payment of a consumer debt purportedly owed to New York City College of Technology; (c) the collection letters were not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. §§ 1692d, 1692e(2), 1692e(10) and 1692f(1).

56. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

57. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

> A. Based on the fact that a form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.
>
> B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class

members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

C. The only individual issue is the identification of the consumers who received such collection letters (i.e. the class members), a matter capable of ministerial determination from the records of Defendant.

D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

58. Case Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Fair Debt Collection Practices Act.

59. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and state law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

60. That if the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

61. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

62. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## COUNT I

### Violation of § 1692d Of The FDCPA – Any conduct the natural consequence of which is to harass, oppress, or abuse any person

63. Plaintiff adopts and realleges the foregoing as fully stated herein.

64. Section 1692d of the FDCPA prohibits a debt collector from using any conduct which the natural consequence of which is to harass, oppress or abuse any person. *See*, *15 U.S.C. § 1692d.*

65. Defendant's violation of §1692d of the FDCPA, include, but are not limited to, Defendant's addition of its collection costs into the debt balance without disclosing to Plaintiff that the balance included collection costs and, further, without disclosing the amount of such collection costs as a false representation of the amount of the debt and a false representation and deceptive means used by Defendant in its attempt to collect the alleged debt.

66. Defendant's violation of §1692d of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See*, *15 U.S.C. § 1692k*.

67. By adding its collection costs into the debt balance without disclosing to Plaintiff that the balance included collection costs and, further, without disclosing the amount of such collection costs, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress.

68. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of §1692d of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

69. Defendant's violation of §1692d of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. <u>See</u>, *15 U.S.C. § 1692k(a)(1).*

70. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT II

### Violation of § 1692e Of the FDCPA – Any other false, deceptive, or misleading representation or means in connection with the debt collection

71. Plaintiff adopts and realleges the foregoing as fully stated herein.

72. Section 1692e of the FDCPA prohibits a debt collector from using any other false, deceptive, or misleading representation or means in connection with the debt collection. <u>See</u>, 15 U.S.C. § 1692e.

73. Defendants' violation of §1692e of the FDCPA, include, but are not limited to, Defendant's addition of its collection costs into the debt balance without disclosing to Plaintiff that the balance included collection costs and, further, without disclosing the amount of such collection costs as a false representation of the amount of the debt and a false representation and deceptive means used by Defendant in its attempt to collect the alleged debt.

74. Defendant's violation of §1692e of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, *15 U.S.C. § 1692k*.

75. By adding its collection costs into the debt balance without disclosing to Plaintiff that the balance included collection costs and, further, without disclosing the amount of such collection costs, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress.

76. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of §1692e of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

77. Defendant's violation of §1692e of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k(a)(1).*

78. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT III

### Violation of § 1692e(2) Of the FDCPA – False or misleading representations in communications regarding character, amount or legal status of the alleged debt

79. Plaintiff adopts and realleges the foregoing as fully stated herein.

80. Section 1692e(2) of the FDCPA prohibits a debt collector from misrepresenting the character, amount or legal status of an alleged debt to attempt to collect any amount not authorized by the agreement creating the debt or permitted by law. *See, 15 U.S.C. § 1692e(2).*

81. Defendant's violations of §1692e(2) of the FDCPA, include, but are not limited to, Defendant's addition of its collection costs into the debt balance without disclosing to Plaintiff that the balance included collection costs and, further, without disclosing the

amount of such collection costs as a false representation of the amount of the debt and a false representation and deceptive means used by Defendant in its attempt to collect the alleged debt.

82. Defendant's violations of §1692e(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

83. By adding its collection costs into the debt balance without disclosing to Plaintiff that the balance included collection costs and, further, without disclosing the amount of such collection costs, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress.

84. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of §1692e(2) of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

85. Defendant's violations of §1692e(2) of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See15 U.S.C. § 1692k(a)(1).*

86. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT IV

### Violation of § 1692e(10) Of the FDCPA – Any false representation or deceptive means to collect a debt or obtain information about a consumer

87. Plaintiff adopts and realleges the foregoing as fully stated herein.

88. Section 1692e(10) of the FDCPA prohibits a debt collector from communicating any false representation or deceptive means to collect a debt. *See*, 15 U.S.C. § 1692e(10)

89. Defendant's violations of §1692e(10) of the FDCPA, include, but are not limited to, Defendant's addition of its collection costs into the debt balance without disclosing to Plaintiff that the balance included collection costs and, further, without disclosing the amount of such collection costs as a false representation of the amount of the debt and a false representation and deceptive means used by Defendant in its attempt to collect the alleged debt.

90. Defendant's violations of §1692e(10) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. § 1692k.

91. By adding its collection costs into the debt balance without disclosing to Plaintiff that the balance included collection costs and, further, without disclosing the amount of such collection costs, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress.

92. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692f of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

93. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by her, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT V

### Violation of § 1692f Of the FDCPA – any unfair or unconscionable means to collector attempt to collect the alleged debt

94. Plaintiff adopts and realleges the foregoing as fully stated herein.

95. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect the alleged debt. *See*, 15 U.S.C. § 1692f.

96. Defendant's violations of §1692f of the FDCPA, include, but are not limited to, Defendant's addition of its collection costs into the debt balance without disclosing to Plaintiff that the balance included collection costs and, further, without disclosing the amount of such collection costs as a false representation of the amount of the debt and a false representation and deceptive means used by Defendant in its attempt to collect the alleged debt.

97. Defendant's violations of §1692f of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. § 1692k.

98. By adding its collection costs into the debt balance without disclosing to Plaintiff that the balance included collection costs and, further, without disclosing the amount of such collection costs, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress.

99. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of §1692f of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

100. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT VI

### Violation of § 1692f(1) Of the FDCPA – Any attempt to collect any amount not authorized by the agreement creating the debt or permitted by law

101. Plaintiff adopts and realleges the foregoing as fully stated herein.

102. Section 1692f(1) of the FDCPA prohibits a debt collector from using any unfair means to attempt to collect any amount not authorized by the agreement creating the debt or permitted by law. *See*, 15 U.S.C. § 1692f(1).

103. Defendant's violations of § 1692f(1) of the FDCPA, include, but are not limited to, Defendant's addition of its collection costs into the debt balance without disclosing to Plaintiff that the balance included collection costs and, further, without disclosing the amount of such collection costs as a false representation of the amount of the debt and a false representation and deceptive means used by Defendant in its attempt to collect the alleged debt. There was no agreement in place to authorize the collection of fees. The balance disclosed to the Plaintiff was clearly not an amount authorized by an agreement creating the debt.

104. Defendant's violations of §1692f(1) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. § 1692k.

105. By adding its collection costs into the debt balance without disclosing to Plaintiff that the balance included collection costs and, further, without disclosing the amount of

such collection costs, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress.

106. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of §1692f(1) of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

107. Defendant's violations of §1692f(1) of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k(a)(1).

108. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT VII

### Violations of the New York General Business Law § 349

109. Plaintiff adopts and realleges the foregoing as fully stated herein.

110. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

111. GBL § 349 provides in relevant part as follows:

   a. *Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.*

   And;

   h. *In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars,*

> *if the court finds the Defendants willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.*

112. It is the regular business practice of Defendant to harass consumers in an abusive manner as a means to pressure the alleged debtor. Defendant engaged in such a deceptive practice aimed at other New York consumers. Defendant's actions have a broad impact on New York consumers at large.

113. It is the regular business practice of Defendant to report false credit information to credit report agencies as a means to pressure the alleged debtor. Defendant engaged in such deceptive practice aimed at other New York consumers. Defendant's actions have a broad impact on New York consumers at large.

114. That Defendant has a pattern of mailing collection letters to thousands of consumers within New York State each year which improperly include an undisclosed collection fee for defaulted student loan accounts.

115. That plaintiff is a reasonable consumer within the meaning of the NY GBL.

116. By unlawfully harassing Plaintiff, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress.

117. By unlawfully seeking to collect a debt from Plaintiff, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress.

118. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of New York GBL § 349, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

119. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her, by engaging in behavior which is harassing or abusing to Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## PRAYER FOR RELIEF

Plaintiff, Marlyatou Diallo prays that this Court:

a. Grant an order certifying the proposed class herein under Federal Rule 23 and appointing Plaintiff and his undersigned counsel of record to represent same;

b. Create a common fund available to provide notice of and remedy Defendant's violations;

c. Declare that Defendant violated the FDCPA;

d. Declare that Defendant violated New York General Business Law § 349;

e. for an award of actual and treble damages pursuant to 15 U.S.C. § 1692k against the Defendant for Plaintiff;

f. Enter judgment in favor of Plaintiff and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;

g. Enter judgment enjoining Defendant from collecting or attempting to collect any debt alleged to be owed by Plaintiff,

h. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Marlyatou Diallo demands trial by jury.

|  |  |
|---|---|
| | Respectfully submitted, |
| Dated: January 22, 2018 | *[signature]* |
| | **LAW OFFICE OF ABEL L. PIERRE, ATTORNEY-AT-LAW, P.C.** |
| | Attorney I.D.#AP-5508<br>140 Broadway, 46th Floor<br>New York, New York 10005<br>Telephone: (212) 766-3323<br>Facsimile: (212) 766-3322<br>abel@apierrelaw.com |
| | **Attorney for Plaintiff** |