**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

MARLYATOU DIALLO *on behalf of herself and others similarly situated,*

            *Plaintiff,*

          v.

IMMEDIATE CREDIT RECOVERY, INC.,

            *Defendant.*

No.: 18-cv-470(KAM)(SJB)

**FINAL ORDER AND JUDGMENT**

This matter comes before the Court on the request of Plaintiff Marlyatou Diallo and a class of persons similarly situated who have not opted out of the class (collectively, "Class Members"), without opposition from Defendant, for final approval of the Settlement Agreement dated May 13, 2021 (the "Settlement Agreement").

The Fairness Hearing having been held before the Court on the 6th day of December, 2021 and due deliberation having been had thereon, and the Court, having read and considered (i) the Settlement Agreement and all the papers attached thereto filed by Class Counsel, (ii) the Memorandum and the declarations submitted in support of the application for entry of this Final Order and Judgment, (iii) the oral arguments of counsel presented to the Court, and (iv) all papers filed and proceedings had herein; and for good cause appearing, the Court finds the following:

1.    On July 8, 2021, the Court preliminarily approved the Settlement, certified this case as a class action for settlement purposes, appointed a Settlement Administrator, approved Plaintiff as Settlement Class Representative, and Plaintiff's attorneys as Class Counsel. The defendant to this action was Immediate Credit Recovery, Inc. ("Defendant", "ICR"). As set forth in the Preliminary

1

Approval Order, pursuant to Fed. R. Civ. P. 23(b)(3), the following Settlement Class was

preliminarily certified for purposes of final settlement:

Settlement Class:

> All individuals who -- within the three years preceding
> commencement of this action (ECF Doc. 1) -- were sent a letter by
> ICR on behalf of New York City College of Technology, that sought
> collection of a balance that purported to include collection fees.

The following people who otherwise met the Settlement Class definition were excluded:

(i)     Any individual who now is, or ever has been, an officer of ICR as well
as the spouses, parents, siblings and children of all such individuals; and

(ii)    Any Judge of the United States District Court for the Eastern District of
New York, as well as his or her immediate family and staff.

2.      In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, Counsel

for ICR served notices of the proposed settlement on the appropriate federal and state officials.

3.      Pursuant to the Preliminary Approval Order dated July 8, 2021 (ECF Doc. 70), Postcard

Notice was mailed to approximately 6,897 persons falling within the description of the Class in

paragraph 1 above, and Long-Form Notice was posted on the settlement website established

pursuant to the Settlement Agreement.

4.      Class Counsel and the Settlement Administrator have reported that four of the persons

who received Postcard Notice chose to opt out of the class, leaving 6,893 Class Members who are

parties to this Settlement.

5.      Plaintiff now requests, and Defendant does not oppose, final approval of the Settlement.

6.      The Court has read and considered the Settlement Agreement, the Motion and

Declarations submitted in support thereof, the accompanying documents, and the record.

It is HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.    Granting of Motion for Final Approval.  The Parties' Joint Motion for Final Approval of the proposed settlement is GRANTED and the Parties are hereby ordered to consummate the settlement according to the terms of the Settlement Agreement and as set forth in this Order.

2.    Objections.  There were no objections timely or otherwise to the Settlement Agreement.

3.    Notice.  The Court finds that the distribution of the Postcard Notice and posting on the settlement website of the Long-Form Notice, as provided for in the Preliminary Approval Order, accurately informed all Persons within the definition of the Class of the material elements of the Settlement; fully complied with the Preliminary Approval Order; constituted the best notice practicable under the circumstances to all Persons within the definition of the Class; constituted valid, due and sufficient notice; and fully met the requirements of Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

4.    Final Approval.  The Court finds that the Settlement is fair, reasonable, and adequate and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, and accordingly, the Court provides final approval of the Settlement and directs that the Parties implement it, as follows:

A.    The parties are directed to implement the settlement in accordance with its terms.

B.    There being 6,893 Class Members as of the date of this Order, pursuant to the Agreement, the Court hereby dismisses with prejudice the Action, all claims contained therein, and all Released Claims against Released Parties, not including the claims of those persons opted out of the Settlement.

5. <u>Costs</u>. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

6. <u>Settlement Amount to Plaintiff</u>. For her efforts on behalf of the Class and to settle her individual claim, the named Plaintiff, Marlyatou Diallo, is awarded $10,000 in accordance with the Settlement Agreement. Defendant will pay this amount in the manner and time set forth in the Settlement Agreement.

7. <u>Settlement Payment</u>. Pursuant to the Settlement Agreement, Defendant is to pay each member of the Settlement Class who did not opt out of the Settlement in the amount, manner, and time set forth in the Settlement Agreement.

8. <u>Settlement Funds</u>. The funds in the Settlement Fund remaining after the expiration date of the last mailed settlement check shall be distributed to *cy pres* recipient, National Consumer Law Center for activities related to the organization's Student Borrower Assistance Project, with the following exception: To compensate the Class Administrator for certain additional work, the parties performed in connection with the settlement, the first $1,500 in uncashed or undeliverable settlement funds, if any, shall be paid to the Class Administrator, with all other such funds to go to the parties' agreed upon *cy pres* recipient.

9. <u>Attorneys' Fees</u>. The Court, having reviewed Class Counsel's contemporaneous time records, disbursement records and supporting Declarations filed on November 3, 2021, and having considered the fact that Defendant does not oppose these fees and costs and that the parties' settlement agreement, including with regard to fees and costs, was reached with the assistance of an experienced outside mediator, hereby approves attorneys' fees in the amount of $283,000 and $10,265.96 for costs.

4

10.     <u>Release and Discharge</u>. Upon entry of this Order and final approval of the Settlement, Plaintiff and each member of the Settlement Class will release claims as set forth in the Settlement Agreement.

11.     <u>Defendant's Denial of Liability</u>.  The Court notes that Defendant denies any liability to Plaintiff or to any Class Member for any matter whatsoever.  Neither the Final Judgment nor Settlement Agreement shall constitute an admission of liability by Defendant of any liability or wrongdoing.

12.     <u>Dismissal of Complaint</u>.  Subject to the reservation of jurisdiction for matters discussed herein, the Complaint is hereby dismissed with prejudice.

13.     <u>Jurisdiction</u>. The Court shall retain exclusive and continuing jurisdiction of the Action and all Parties to interpret and enforce the terms, conditions and obligations of this Settlement Agreement, including among other things: (i) supervising the implementation, enforcement, construction and interpretation of the Settlement Agreement, the Preliminary Approval Order, and the Final Judgment; (ii) supervising the administration and distribution of the relief to the Class Members and resolving any disputes that may arise with regard to any of the foregoing.

14.     <u>Entry of Judgment</u>.  In accordance with Rule 54(b) of the Federal Rules of Civil Procedure, the Court finds there is no just reason to delay entry of this Judgment and the Clerk of the Court is ordered to enter Final Judgment forthwith.

So Ordered this  10 day of __December__, 2021.

          /s/ Kiyo A. Matsumoto
          HON. KIYO A. MATSUMOTO,
          UNITED STATES DISTRICT JUDGE